OVERTON, J.
 

 This is a suit on two promissory notes, dated January 7, 1911, in
 
 *67
 
 stituted by Salvatore Ciravolo against Michele Lofaso and John Pennino. The notes are secured by mortgage. Each is for the sum of $3,000, and bears 7 per cent, per annum interest from date, one of them being payable two and the other three years after date. Both are payable to the order of the maker, and by him indorsed in blank. Lofaso is sued as maker, and as to Pennino, it does not appear that he indorsed the notes, but plaintiff alleges that he purchased them from Pennino, and that Pennino guaranteed the payment of the notes. In bringing the suit, plaintiff entered a remittitur of $2,700 on the note first maturing.
 

 Defendants filed a plea of prescription of five years against this demand. They also filed an answer, in which they deny that plaintiff is the holder of said notes in due course, and deny any liability on the notes, and in which they aver that in the year 1911 one of the defendants, Lofaso, was heavily indebted to the merchants of New Orleans; that, in order to avoid being sued, he found it necessary to execute a mortgage on certain property owned by him; that he desired to execute this mortgage in favor of plaintiff, but that plaintiff suggested that it be made in favor of Pennino; that the mortgage was executed as suggested by plaintiff, the notes secured by it being made by Lofaso to his own order, and by him indorsed in blank, with the intention that, in order to secure the merchants whom defendant Lofaso owed, the notes should be delivered to H. T. Cottam & Co., who represented those merchants; that it was the intention of the defendant Lofaso to persuade the merchants to reduce their indebtedness against Lofaso to a sum approximating $1,200; that both plaintiff and the defendant Pennino assisted Lofaso in his efforts to obtain the reduction; that, as Lofaso was about to leave New Orleans to go to Alabama to make his home there, he delivered in trust to plaintiff $1,200 in cash, with which to pay the' merchants, and also delivered to the defendant Pennino the two mortgage notes, sued upon, so that Pennino might deliver them for him to H. T. Cottam & Co., to be held by them as security for the merchants; that Pennino delivered the notes to H. T. Cottam & Co.; that the arrangements for the reduction of Lofaso’s indebtedness were perfected; that plaintiff delivered to Pennino the $1,200, mentioned above, to enable the latter to settle with the merchants; that the settlement was made; and that thereafter H. T. Cottam
 
 &
 
 Co. delivered the two mortgage notes, sued on herein, to Pennino, who delivered them to Frank Lofaso, a son of the defendant Lofaso, to be handed to plaintiff for delivery to the maker, but that plaintiff did not discharge his trust by delivering them.
 

 The trial judge sustained the plea of prescription filed as to the
 
 note
 
 first maturing, but overruled it as to the second note.
 

 A promissory note prescribes in five years from the day it becomes payable. Civil Code, art. 3540. The course of this prescription, however, may be interrupted by citing the debtor before a court of justice in order to obtain judgment on the npte, or by an acknowledgment of the indebtedness, evidenced by the note, whether the acknowledgment results from a partial payment, or is otherwise made. Civil Code, arts. 3551, 3518, and 3520. As the first note matured on January 7, 1913, and as suit was not instituted on it until December 31, 1918, it is manifest that the note proscribed before the institution of suit, unless prescription was interrupted in one of the ways indicated. But there is no proof of any such interruption. Hence the trial judge was correct in sustaining the plea as to that note. With respect to the second note, suit was instituted and citation served a day or two before prescription had
 
 *69
 
 accrued. Hence the lower court was correct in overruling the plea as to it.
 

 On the merits, the evidence shows that Lofaso made the notes for the purpose of delivering them to H. T. Cottam & Co., to be held in trust for the merchants whom he owed, this to the knowledge of plaintiff. The evidence also shows that Lofaso, before a settlement was effected with his creditors, left for Alabama to make his home there; that, before leaving, he left the notes with Pennino to be delivered to H. T. Cottam & Co., to secure the indebtedness due by him to the merchants whom he owed.. And, in our view, the weight of the evidence also shows that, before leaving, he deposited with plaintiff, who had assisted him in arranging with his creditors, $1,200, to be used in settling with them, and that plaintiff delivered the $1,200 to Pennino, so that the settlement could be effected with the merchants. The evidence also shows that after the settlement had been effected with the merchants, Cottam & Co. delivered the notes to Pennino for Lofaso, and the preponderance of it also shows that Lofaso’s son, and not Pennino, delivered the notes to plaintiff; the delivery being made, not in settlement of any indebtedness due by Lofaso to plaintiff, but to be held by plaintiff until Lofaso should call for them.
 

 Plaintiff contends, however, that Lofaso was indebted to him in the sum of $3,300, and for that reason the notes were delivered to him. This position, it may be observed, is inconsistent with the allegations of plaintiff’s petition, for there plaintiff alleges that he acquired the notes from Pennino for a valuable consideration paid to him, and nowhere in the petition does he make the slightest suggestion that the notes were delivered to him in settlement of anything due him by Lofaso. But be that as it may, in our opinion, the weight of the evidence shows that nothing was due plaintiff by Lo-1 faso, and such was evidently the opinion of the trial judge. Upon a question of fact, involving the credibility of witnesses, the opinion of the trial judge is entitled to great weight, and should not be disturbed unless clearly erroneous. Shnaider v. Graffagnini, 154 La. 363, 97 So. 491; Wall v. Dudley, 152 La. 911, 94 So. 441; Gilkeson Sloss Commission Co. v. Bond, 44 La. Ann. 841, 11 So. 220; Chapoton v. Creditors, 45 La. Ann. 451, 12 So. 495; Consumers Ice Co. v. Trautman
 
 &
 
 Co., 45 La. Ann. 775, 12 So. 930.
 

 The judgment appealed from is therefore affirmed, appellants to pay the costs of appeal.
 

 ROGERS, J., recused.